# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHAEL WADE DAVISON,

            Plaintiff,

      v.

MATTEW SIDDERS, CHRISTINE B. JOSLIN, and JASON R. VENABLE,

          Defendants.

Case No. 3:24-cv-00066-SLG

## SCREENING ORDER

On March 19, 2024, self-represented prisoner Michael Wade Davison filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff names three police officers, Mattew Sidders, Jason R. Venable, and Chrstine B. Joslin, as Defendants. The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. Although amendment is likely futile, Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[2]

---

[1] Dockets 1-4.

[2] S*ee United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3]  In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.[4]

In conducting its screening review, a district court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[5] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6]  Futility

---

F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[3] 28 U.S.C. §§ 1915, 1915A.

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

## DISCUSSION

### I. Summary of Plaintiff's Allegations

On or about November 9, 2023, two women were involved in a car accident.[10] Plaintiff claims his girlfriend, Brianna Levy, was driving his car and was issued a citation for the accident.[11] According to the incident report attached to the Complaint, Plaintiff was not driving either vehicle, but he was interviewed regarding the incident.[12] The Incident Report does not indicate whether any citations were issued or describe the condition of either vehicle. According to the state court

---

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[10] Docket 1 at 5; Docket 1-1.

[11] Docket 1 at 5.

[12] Docket 1-1 (Incident Report Number AK23117785).

records, Brianna Lynn Levy was issued a citation on November 9, 2023, for driving with a suspended license.[13] While Plaintiff has subsequent charges for failing to comply with the orders and conditions of his release, it is unclear what charges against Plaintiff—if any—resulted from this alleged incident.[14]

Plaintiff alleges the officers violated his rights under the Fourth and Fourteenth Amendments, The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and The Freedom of Information Act ("FOIA").[15] Plaintiff believes his rights were violated because the officers "had no reason to identify [him] or call [his] probation officer.[16] Plaintiff also seems to believe it was unreasonable to require him to report to probation the following Monday when the officers knew his car had just been "totaled."[17] Plaintiff claims loss of wages, stress, and defamation of character.[18] He further alleges the officers are putting his "positive reformation and livelihood at risk" and asks that he be awarded punitive damages for their misconduct.[19] Plaintiff also maintains that the officers violated

---

[13] *See State of Alaska vs. Levy, Brianna Lynn,* Case No. 3PA-23-04270MO, Docket (Date of Offense 11/09/2023; Charge 1: AS2815291A2-V1 - Infraction (Non-Criminal) AS28.15.291(a)(2): Drive w/ License Cancelled/Susp; Ticket # PALEE000001951051).

[14] *See, e.g., State of Alaska vs. Davison,* Case No. 3PA-23-02519CR (re-opened 12/21/23 due to failure to comply with the Order and Conditions of Release).

[15] Docket 1.

[16] Docket 1 at 7.

[17] Docket 1 at 7.

[18] Docket 1 at 7.

[19] Docket 1 at 8.

Case No. 3:24-cv-00066-SLG, *Davison v. Sidders, et al.*
Screening Order
Page 4 of 14

the Freedom of Information Act ("FOIA") because they won't provide audio and video from the accident or provide the full names and badge numbers for the officers involved.[20]

## II. Plaintiff May Only Represent Himself

Although Plaintiff only named himself as a plaintiff, he alleges his girlfriend's HIPAA rights were violated.[21] A non-attorney self-represented litigant may represent only his own interests,[22] and has "no authority to appear as an attorney for others than himself."[23] Plaintiff cannot bring claims on behalf of his girlfriend. Accordingly, the Court only considers the claims affecting Plaintiff personally, and if Plaintiff elects to file an amended complaint, he shall do so only on his own behalf.

## III. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[24] A claim is plausible

---

[20] Docket 1 at 6.

[21] Docket 1 at 4-5.

[22] 28 U.S.C. § 1654.

[23] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,*

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[26]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[27] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[28] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[29]

### IV. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal

---

250 F.3d 668, 688 (9th Cir. 2001)).

[25] *Ashcroft*, 556 U.S. at 678.

[26] Fed. R. Civ. P. 8(a)(2).

[27] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[28] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[29] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

statutes.[30]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[31]  To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[32]  Section 1983 does not confer constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[33]

### V. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA")

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") restricts health care entities from disclosing protected health information. However, HIPAA does not provide a private cause of action and is not enforceable through Section 1983.[34] Further, Plaintiff alleges Officer Venable violated his girlfriend's HIPAA rights when he allegedly retrieved her name from the paramedic's paperwork, and as discussed above, Plaintiff may not bring claims on behalf of others. Therefore, Plaintiff's HIPAA claim is DISMISSED with prejudice.

---

[30] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[31] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[32] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[33] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[34] *Webb v. Smart Document Sols.*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007).

## VI.    Freedom of Information Act ("FOIA")

Plaintiff claims he filed a Request for Information seeking all audio and video regarding the accident.[35] Plaintiff believes Defendants violated the Freedom of Information Act ("FOIA") by withholding that information from him.[36] FOIA allows a federal court "to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."[37] However, FOIA does not provide access to records held by state or local government agencies.[38] Because Plaintiff seeks records held by state or local police officers, FOIA does not apply. Therefore, this claim is DISMISSED with prejudice.

## VII.    Search, Seizure, and Identification

The Fourth Amendment guarantees the right of persons to be free from "unreasonable searches and seizures" by the government.[39] But the United States Supreme Court has held that "[a]sking questions is an essential part of police investigations.  In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment. '[I]nterrogation relating to

---

[35] Docket 1 at 6.

[36] Docket 1 at 6.

[37]  5 U.S.C. § 552(a)(4)(B). *See also* 5 U.S.C.A. § 552(f)(1) (defining term "agency").

[38] Plaintiff may be able to seek disclosure of the State's records under Alaska law, but cannot pursue this claim in federal court.  *See* Alaska Statute § 40.25.120.

[39] U.S. Const. amend. IV.

one's identify or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure.'"[40]

Plaintiff claims his Fourth and Fourteenth Amendment rights were violated when the police "illegally" identified him and failed to provide him with due process. However, he has not provided sufficient facts to state a plausible claim. It appears Plaintiff voluntarily went to the scene of the accident to check on his girlfriend's condition and to have his car towed.[41] In this context, it was constitutionally permissible for officers to request Plaintiff's identification and proof of vehicle ownership when he arrived on scene to determine whether they could safely and responsibly release the vehicle to him.[42] It is also unclear who told Plaintiff to report to his probation officer and why. Regardless, to the extent Plaintiff believes he was wrongly charged with a probation violation or a new criminal charge, he may not bring such claims while any charges stemming from this incident are still pending in state court.[43]

---

[40] *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County,* 542 U.S. 177, 185 (2004) (*quoting INS v. Delgado*, 466 U.S. 210, 216 (1984).

[41] Docket 1 at 5.

[42] *See United States v. Thompson*, 481 F. Supp. 3d 1128, 1133 (D. Montana 2020).

[43] *See, e.g., Thompson v. Clark,* 596 U.S. 36, 44 (2022) ("In accord with the elements of the malicious prosecution tort, a Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him.").

For the foregoing reasons, the Complaint is DISMISSED. Although amendment is likely futile,[44] Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

## FILING AN AMENDED COMPLAINT

An amended complaint replaces the prior complaint in its entirety.[45] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[46] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[47] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[48] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff has been given the opportunity to file an amended

---

[44] *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

[45] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[46] Fed. R. Civ. P. 8(a)(2).

[47] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[48] Fed. Rule Civ. Proc. 8(a)(2).

complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must not contain the claims that this Court has dismissed or found not viable.

## PLAINTIFF'S MOTION FOR A COPY OF THE POLICE REPORT

With his Complaint, Plaintiff filed Alaska Department of Public Safety Incident Report Number AK23117785.[49] At Docket 6, Plaintiff asks for a copy of that report.[50] The report is a dark shade of grey making it difficult to read. Further, Plaintiff is responsible for keeping copies of everything filed with the Court.[51] Nonetheless, the Court acknowledges Plaintiff is in prison. Therefore, the Court will grant the motion to the extent that the Court will direct the Clerk of Court to send Plaintiff one courtesy copy of the two-page incident report at Docket 1-1 with this order. Should Plaintiff request copies of additional documents, filings, or orders in the future, Plaintiff is informed that the Clerk of Court charges 50 cents per page for reproducing any record or paper.

---

[49] Docket 1-1.

[50] Docket 6.

[51] Docket 5.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's Complaint at **Docket 1 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint that cures the deficiencies identified in this order.

2.      Plaintiff is accorded **60 days** from the date of this order to file either:

      a.  <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order.  An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

      b.  <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3.      If Plaintiff does not timely file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4.      Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

5.      Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits.  Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[52]  Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an

---

[52] 28 U.S.C. § 1915(b)(1)&(2).

amended complaint, the Court will issue a separate order on the collection of the filing fee.

6.      If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[53]  Failure to comply may result in dismissal of this action.

7.      Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[54] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8.      Self-represented litigants must be ready to diligently pursue each case to completion.  Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9.      At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address,

---

[53]  The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[54]  Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

and its effective date.[55]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

10.  Plaintiff's motion at **Docket 6 is GRANTED** to the extent that the Clerk shall include one courtesy copy of the report at Docket 1-1 with this order.

11.  With this order, the Clerk is also directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) a copy of the two-page Incident Report filed at Docket 1-1.

DATED this 13th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[55] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00066-SLG, *Davison v. Sidders, et al.*
Screening Order
Page 14 of 14