## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MICHAEL WADE DAVISON,

    Plaintiff,

v.

MATTEW SIDDERS, CHRISTINE B. JOSLIN, and JASON R. VENABLE,

    Defendants.

Case No. 3:24-cv-00066-SLG

### **ORDER OF DISMISSAL**

This case was originally filed by self-represented litigant prisoner Michael Wade Davison ("Plaintiff") on March 19, 2024.[1] On August 13, 2024, a screening order was issued, which identified numerous deficiencies with the complaint but accorded Plaintiff an opportunity to file an amended complaint. On August 22, 2024, Plaintiff filed a First Amended Complaint ("FAC").[2] The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A and finds that it contains the same deficiencies previously identified in the Court's screening order at Docket 7. Plaintiff has not pleaded sufficient facts to state a plausible claim upon which relief could be granted. Accordingly, this action must be dismissed.

---

[1] Docket 1.

[2] Docket 8.

A plaintiff's failure to correct the deficiencies identified in a screening order is "a strong indication that [he has] no additional facts to plead" and "any amendment would be futile."[3] Therefore, the Court will not accord Plaintiff a second opportunity to amend his claims.[4]

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 6th day of January, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[3] *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (2009) (citation omitted). *See also Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013) (holding that district court properly denied leave to amend when "the district court gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not comply"); *Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1072 (9th Cir. 2008) (affirming dismissal of plaintiff's third amendment complaint with prejudice when plaintiff failed to cure deficiencies that had "persisted in every prior iteration of the [complaint]").

[4] *See Mirmehdi v. United States,* 689 F.3d 975, 985 (9th Cir. 2012). ("[A] party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile."); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed self-represented plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).